The 4th District Appellate Court of the State of Illinois has reconvened. The Honorable Robert J. Steigman presiding. Thank you, Mr. Bailiff. The first case this afternoon is 424-1407, the state of Illinois v. Brose, if that's pronounced correctly. I'd ask counsel for the appellant, please state your name, please. Jessica Harris. Thank you. Counsel for the appellant, please state your name. Matthew Goldman, Your Honor. Okay, Ms. Harris, then at this time, on behalf of the appellant, you may begin your oral argument. May it please the court, counsel. My name is Jessica Harris with the Office of the State Appellate Defender, and I represent Mr. John Brose. I plan to focus my argument today on issues, but I'm, of course, open to or will answer any questions regarding the other issues. John Brose elected to exercise his constitutional right to a jury trial. Unfortunately, due to defense counsel's ineffectiveness, Mr. Brose was denied his right to that fair trial. The state's case against Mr. Brose was incredibly weak. This is because Mr. Brose's breath sample was .082, just barely above the legal limit, and the test result was within the margin of error that applies to the breathalyzer instruments, and counsel did not introduce evidence of that margin of error. The state then claimed that Mr. Brose failed the horizontal gaze nystagmus test, but counsel failed to challenge Officer Lang's incorrect administration of that test. The state also offered evidence that Mr. Brose had bloodshot and glassy eyes, but counsel did not elicit testimony from Officer Lang that Brose was not slurring his words or calling an officer who would have testified that he did not smell alcohol in Mr. Brose's breath. Due to counsel's ineffectiveness, Mr. Brose was denied his right to that fair trial. Regarding the margin of error, counsel's performance was deficient because he argued to the jury that the breathalyzer machine could be, quote, off even a little bit, but failed to offer evidence in support of that strategy or argument. His argument...  I'm sorry, Your Honor? What evidence should he have offered? He should have offered the administrative code. He should have asked the court to take judicial notice of the administrative code, and that would have shown the jury and introduced the jury evidence that the machine is subject to a margin of error. Counsel argued what we're talking about here is the difference between 0.08 and under 0.08. Mr. Brose blew a 0.08, too, so even if it's off a little bit, that's the difference here. And the administrative code, Your Honor, provides that the evidentiary instruments must quantitate the reference sample within 10% of the value, and so counsel's argument was that the machine could be off, but counsel failed to introduce that evidence, and unfortunately, the prejudice in this case is apparent because of the jury's questions. There are two sets of questions here that the jury had. The first set of questions was regarding the breathalyzer, both about the breathalyzer. They wanted to know if the breathalyzer ticket was thrown out. This shows that they were confused. But primarily and most importantly, Your Honors, the second set of questions, which was does the BAC, the breath alcohol intoximeter calibration test, have to be the same to guarantee accuracy, if not, how much variance exists in the test? So those specific questions show that there's a reasonable probability that the outcome of Mr. Brose's jury trial could be different because the jury in this case was concerned or with the margin of error or with possible variances in the test. And the court's remarks in this case also show that counsel was ineffective because the court remarked, we can't answer the question, if not, how much variance exists in the test, because obviously we can't provide them with additional testimony. With an acceptable margin of errors, I don't know. There wasn't any testimony about that. We can't add to that. We can't provide more factual information. Are you arguing on a field that this court should review the conviction that the defendant was actually impaired? Yes, Your Honor. We're asking that the court reverse on the sufficiency for the charges are under subsection A2. We're asking if the court does not reverse under subsection A2 that this court remands all four charges and remand for a jury trial, a new trial on all four charges. What about the merging of the convictions into the one conviction under driving with a .08 lit alcohol? So it is correct that the convictions merge. And the case that the state relied on for that proposition is Relaford. And I think the critical distinction between Relaford and our case is that here there was a specific finding of merger. So in Relaford, the court did not make any specific finding. And if this court were to conclude that it's without jurisdiction to consider those charges and declines to overturn those, or obviously declines if you don't have jurisdiction, we would ask that this court remand for resentencing. And then we would ask to appeal so that we could raise these issues on those convictions if that's how your honors rule. But we do believe that this court has jurisdiction. There's no jurisdictional bar here for this court to address this claim. And for judicial economy purposes too, it makes sense to address it now. So counsel was also deficient in this case because he didn't challenge the horizontal gaze nystagmus test. His attempts to challenge the test were insufficient and they did not establish to the jury that the officer was not performing the test in accordance with the guidelines that's set out in the National Highway Traffic and Safety Administration's test parameters. Critically, I think Mr. Lang failed to begin each part of the test with the left eye. That's clear. Lang, he also incorrectly described the first clue of the test as horizontal gaze nystagmus, which is incorrect. It's lack of smooth pursuit. And then Officer Lang also incorrectly testified that only two passes are administered for the second and third clues. Those are the clues to determine whether the client has sustained and distinct nystagmus at maximum deviation and at 45 degrees. And counsel's performance in regards to this specific test was prejudicial because of the lack of evidence, the weaknesses in the state's case. Finally, in regards to... I think it's also going back to the breathalyzer. Is the defendant challenging the admissibility of the breathalyzer test? No. No, we are not challenged the admissibility. So the question is the reliability of it. And you're saying the defense counsel should have done more to attack its reliability? Not that it's not reliable, but just that it's possible that a margin of error applies to the test. And so because his argument was that the test could be off even a little bit, introducing evidence to the jury to support that argument was critical because as the state recognized in the discussion with the court and in its rebuttal closing argument is that counsel's not the scientist and counsel didn't have the experience to be able to make that claim. And he didn't actually even need to cross-examine the breath administrator operator. He could have just introduced evidence of the administrative code. So regarding the other claims of ineffectiveness... The administrative code that addresses that issue, what does it say? The administrative code. So we have 20 Illinois administrative code part 1286.220. That's checking approved evidentiary instruments for accuracy under subsection B. Approved evidentiary instruments must quantitate the reference sample within 10% of the reference samples valued as adjusted for environmental factors to be certified accurate. And the operator of the machine is required to, every 62 days at least, perform a check to determine whether or not the machine was operating within the acceptable margin of error, which is what the results show, which is again what the trial court tried to explain to counsel was that the results of the accuracy check certification show that the machine was operating within the margin of error. But that's still just the fact that there is a margin of error that applies is what made a difference in this case. And the jury's questions specifically highlight that. The jury wanted to know if there was variance in the test. There was evidence in the administrative code that counsel could have presented to the court. Counsel did not. And counsel, I'm sorry, Your Honor, if I may, any other questions regarding that issue? Um, so, and regarding aside from the margin of error and the horizontal gaze nystagmus test here, counsel also didn't introduce evidence from Officer Lang that Mr. Brose was not slurring his words. And then in the body camera footage, also, there's a there's another officer on the on the scene there. That's not I'm not entirely sure which officer that is. But Officer Lang asked that officer to go speak to Mr. Brose to determine whether or not Mr. Brose smells of alcohol, has slurring his speech. And when the other officer returned, he told Brose that he, quote, didn't smell anything on him. So unfortunately, due to defense counsel's ineffectiveness, none of this evidence was presented to the jury. And the jury was left with a blow that was .082 right on the margin that that didn't and they weren't shown that. Yes, there is a margin of error. The HGN test, the state and argue that my client failed it and counsel should have introduced evidence that it was incorrectly administered. Did the jury see the video? I'm sorry, Your Honor. Did the jury see the video? Yes, the jury did see the video, but they only saw certain portions of the video. And those portions of the video were not played to the jury as I'd have to double check. I believe that that's in my brief. I don't have that. But my recollection is that that evidence was not presented to the jury, even if it was. I do believe, though, that the margin of error and the horizontal gaze is sufficiently prejudicial such that Mr. Brose asked that this court, if this court does not reverse insufficiency for the subsection 82 charges that this court reverse and remand for a new trial on all charges. If you want to ask you a question about the margin of error, does this mean that in every single case where the reading is in the low eights, that this statement from the administrative code ought to undercut or tell every jury that there's always the possibility of error? No, we're not asking for a bright line rule, Your Honor. We're asking that the court in this specific case, because of the prejudicial facts that we have, we have a case where counsel made the argument. We're not we're not saying that in every single case where the blow comes back at a point or two or it's within the margin of error that the counsel has is responsible to introduce this evidence. But if counsel has his argument is that the machine could be off even a little bit, then he needs to support that statement and that argument with evidence and that evidence was available. And the reason we think it could be off is that there was no smell of alcohol. Is that correct, Your Honor? The other the other indicia of intoxication. That's that's correct. Yes, he didn't slur his words. That's right. Taking and taking away the presumption would be significant in this case for Mr. Brose. If you have no other questions, we ask for remand reversal of new trial. Thank you. Thank you, counsel. Mr. Goldman, behalf of the state to make your argument at this time, sir. Thank you, Your Honor. Like counsel, I'm going to focus on that second issue. However, first, I think that this court can reject the majority of these ineffective assistance of counsel claims and also the majority of the arguments made regarding the sufficiency of the evidence in issue one, because the majority of these arguments pertain to impairment and the conviction that was actually entered was having a blood alcohol content that was too high or breath content that was too high. These additional facts that go to that go to impairment related to bloodshot, glassy eyes, you know, errors and driving, these these are all things that would be important if that was the conviction that that was, in fact, entered. But it wasn't in this case due to merger. So I'll focus on the one ineffective assistance of counsel claim that relates to the number produced by the breath test. In this case, counsel defendant is focuses on this allowable margin of error in the administrative code, which is quite different from the margin of error for a particular instrument. Just because the administrative code says it's acceptable to be within this 10% range does not mean that this device, in fact, was off by 10% or even could be off by 10%. The accuracy check showed that when the value was supposed to be, I believe it was .078 and it came back as .079. That accuracy test, which was, in fact, introduced was a far better way for counsel to attack the accuracy of the machine because it was a discrepancy, although a very small discrepancy in the actual performance of this specific machine. And so counsel's choice to go after that specific test as the point of attack and to not get distracted with items in the administrative code, which may not have even applied to this machine itself, was a legitimate trial strategy. It is acceptable for counsel to pursue one strategy to the exclusion of others, especially in a situation like this, where you're dealing with science, you're dealing with numbers, and you're dealing with issues that could possibly confuse the jury if you attack from too many angles. Based upon that, counsel's choice was legitimate trial strategy. And even though it was ultimately unsuccessful, this court should not second guess that strategy just because it didn't end up being successful. Because this was a matter of trial strategy, this court should reject the defendant's claim. And because the remaining arguments pertain to a count for which no conviction was ultimately entered, this court should simply reject these arguments. However, I would note that, as noted in my brief, that counsel should have filed that 404E certificate. So, although we would ask that the court reject the remainder of the arguments, we do agree that this should be remanded for that particular purpose. Unless there are no further questions for the remainder, I would simply stand on the strength of my brief as written. Thank you. Thank you, counsel. Ms. Harris, on behalf of the defendant, do you have any rebuttal argument? Just a couple of points. The administrative code applies to all evidentiary instruments that are used to test a subject's breath alcohol concentration. That's in Part 1286.200, Equipment Approval and Accuracy. And it says that the instrument has to be approved under the subpart at the time of the subject test. And other than that, no, your honors, it was counsel's strategy. He did not execute it. He didn't execute it well. And unfortunately, because of counsel's errors throughout the trial, Mr. Brose was denied his right to a fair trial and effective assistance of counsel. Thank you, counsel. We will take this matter under advisement to issue a decision in due course. And at this time, I'll stand at recess.